■ In the Matter of ALEXANDER SIDER, as Committee of HARRY RACHILS, an Incompetent, Appellant, v VETERANS ADMINISTRATION, Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered on or about July 26, 1988, which, *inter alia,* surcharged the committee of the incompetent, upon the settlement of his intermediate account, for improper and excessive payments of attorneys' fees for the preparation of his annual accounts, unanimously reversed, on the law and the facts, to the extent appealed from and the petition to judicially settle the account with respect to attorneys' fees granted, without costs.

This is a proceeding for the judicial settlement of an intermediate account of Alexander Sider, the successor committee of Harry Rachils, an incompetent. The intermediate accounting is for the period March 1, 1971 to February 28, 1987 and it was made necessary by a change in the committee's surety. The trial court originally surcharged the committee $1,258.72 for excess accounting fees paid to attorneys. Following reargument the court reduced the surcharge to a total of $754.22.

We reverse to the extent appealed from and find that the payments to the attorneys were entirely reasonable. No objection was made to the payments by either the guardian ad litem or the Veterans Administration. No hearing was held before the court concluded that the payments to attorneys were excessive. The legal services ranged from $60 for the period of March 1, 1972 to March 1, 1973 to a high of $410.35 for the period March 1, 1983 to March 1, 1984. The payment for the year of March 1, 1986 to March 1, 1987 was $350. The payments were approved annually by a Special Referee designated by the Appellate Division. We find nothing unreasonable in the payments to the attorneys. Nor can we agree with the view that the simple nature of this estate, which was $10,268.70 in 1971 and was approximately $187,108.88 in 1987, warranted the surcharge.

We note that where the accountings have been approved annually by a Special Referee, a hearing may be advisable prior to a surcharge on the committee. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.